UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE, | ) |
| Plaintiff(s), | ) Case No. 2:16-cv-00709-GMN-NJK |
| vs. | ) **REPORT AND RECOMMENDATION** |
| CLARK COUNTY, et al., | ) |
| Defendant(s). | ) |

Pending before the Court is the order for Plaintiff to show cause why this case should not be dismissed as malicious given its similarities to previously-filed cases. Docket No. 6.[1] Plaintiff filed a response arguing that this case is not duplicative of the previously-filed cases because "this is not a 1983 complaint," but rather a complaint alleging only state tort causes of action. Docket No. 7 at 3 (emphasis in original). In light of Plaintiff's response, it is now clear that this case should be dismissed for lack of subject matter jurisdiction.

---

[1] Plaintiff previously filed at least two complaints arising out of claims regarding the alleged mistreatment and abuse of his children. Because of the similarities between those previous cases, one was dismissed and closed. *See Tagle v. Department of Family Servs.*, Case No. 2:15-cv-00208-JAD-GWF (D. Nev.). In the other case, United States District Judge James C. Mahan found dismissal was required because Plaintiff's claims were essentially being brought on behalf of Plaintiff's children and Plaintiff lacked the standing to bring those claims. *See Tagle v. Clark County*, Case No. 2:15-cv-00881-JCM-PAL, 2016 WL 1064474, *3 (D. Nev. Mar. 17, 2016). Judge Mahan ruled that Plaintiff could pursue a new case with such claims, but only if Plaintiff obtained counsel. *See id.* Plaintiff has since filed a notice of appeal in that case. This case shares many similarities with these previous cases, including that the complaint makes numerous allegations regarding the alleged mistreatment of Plaintiff's children and that Plaintiff is attempting to bring those claims without representation by an attorney.

1       The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See,*
2  *e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power
3  authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court
4  is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West,*
5  *Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party
6  asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."
7  *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors*
8  *Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

9       Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising
10 under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when
11 federal law creates the cause of action or where the vindication of a right under state law necessarily turns
12 on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th
13 Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule,"
14 which provides that "federal jurisdiction exists only when a federal question is presented on the face of the
15 plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

16      The Court also has jurisdiction over civil cases in which there is diversity among the parties.
17 "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount
18 in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.
19 2003). To establish diversity, the plaintiff must be a citizen of a different state than each defendant. *See*
20 *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004).

21      In this instance, neither basis for subject matter jurisdiction exists. As a means of avoiding a finding
22 that this case is duplicative of his previous cases and/or barred based on the reasoning already identified
23 by Judge Mahan, Plaintiff repeatedly and emphatically insists that he does not bring a federal cause of
24 action under 42 U.S.C. § 1983, but instead brings only state tort claims. *See* Docket No. 7 at 3 (stating
25 repeatedly that this case does not involve a § 1983 cause of action). This appears to be in response to Judge
26 Mahan's construction of Plaintiff's previous case as being brought solely on behalf of Plaintiff's children
27 and being otherwise improper because, *inter alia*, "Plaintiff claims [the alleged misconduct] has caused him
28 emotional distress, but <u>does not allege any tort law or other claim in his individual capacity based on that</u>

distress, nor does he allege that any interest of his own has been violated." *Tagle v. Clark County*, Case No. 2:15-cv-00881-JCM-PAL, 2016 WL 1064474, *3 (D. Nev. Mar. 17, 2016) (emphasis added). Hence, Plaintiff has made a strategic litigation decision to bring only state tort claims as a means of distinguishing this case from the case dismissed by Judge Mahan. *See* Docket No. 7 at 2-3.[2] Having purposefully omitted federal causes of action or other federal issues, however, the Court lacks federal question jurisdiction over this case.

It also appears that diversity jurisdiction does not exist because Plaintiff and at least one Defendant share Nevada citizenship. "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While Plaintiff is currently in a Nevada prison, courts typically look to a prisoner's pre-incarceration domicile in determining his citizenship for purposes of diversity jurisdiction. *See, e.g.*, *Berg v. Unitus Community Credit Union*, 2014 WL 4674591, *7 (D. Or. Sept. 17, 2014) (collecting cases).[3] In this instance, the complaint shows that Plaintiff's home was in Nevada. *See, e.g.*, Docket No. 1-1 at 3 (describing the Clark County authorities removing Plaintiff's children from their home). Plaintiff's representations in other cases also demonstrate that Nevada was the place of his domicile. *See, e.g.*, *Tagle v. Department of Family Services*, Case No. 2:15-cv-00208-JAD-GWF, Docket No. 1-1 at 13 (Plaintiff's complaint describing his home in Nevada and his return back to his home "to dwell at Vegas" after a work assignment in California). At the same time, Plaintiff has sued defendants that include Clark County. *See* Docket No. 1-1 at 1, 9. Like Plaintiff, Clark County is considered a Nevada citizen for diversity purposes. *See Moor v. Alameda County*, 411 U.S. 693, 719 (1973) (a political subdivision is considered a citizen of its respective state for diversity purposes unless it is simply the arm or alter ego of the state); *see also Spagnolo v. Clark County*, 2015 WL 7566672, *5 (D. Haw. Nov. 24, 2015) ("Clark County is a political

---

[2] Plaintiff's complaint alleges that Defendants' alleged misconduct occurred under color of law. *See* Docket No. 1-1 at 1. The Court generally construes a *pro se* prisoner's complaint liberally. *See, e.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). In this instance, however, Plaintiff has expressly denounced any intention to bring a claim under § 1983, so the undersigned declines to so construe it.

[3] It appears this is an issue that the Ninth Circuit has not squarely addressed in a published opinion. *See, e.g.*, *United States v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012) (expressly declining to decide issue).

subdivision of the State of Nevada, and is properly deemed a citizen of the State of Nevada"). Because Plaintiff and at least one Defendant share Nevada citizenship, the Court lacks diversity jurisdiction.

For the reasons discussed above, the undersigned **RECOMMENDS** that this case be dismissed for lack of subject matter jurisdiction.

Dated: May 4, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).